IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY DEWAYNE DOYLE, § <br> PETITIONER, § <br> § <br> V. § <br> § No.  3:08-CV-138-B <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice § (Death-Penalty Case) <br> Correctional Institutions Division, § <br> RESPONDENT. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner **Anthony Dewayne Doyle** has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This cause of action was automatically referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Special Order 3-251.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**I.  PROCEDURAL BACKGROUND**

A jury convicted Petitioner of capital murder and sentenced him to death for robbing and causing the death of Hyun Cho when she delivered food to his home.  His conviction and sentence were affirmed on direct appeal. *Doyle v. State*, No. AP-74,960, 2006 WL 1235088 (Tex. Crim. App.), *cert. denied*, 549 U.S. 976 (2006).  Petitioner filed an application for a post-conviction writ of habeas corpus which the Texas Court of Criminal Appeals denied. *Ex parte Doyle*, Writ No. WR-67,027-01, 2008 WL 217985 (Tex. Crim. App. 2008).  Petitioner then filed a petition for writ of habeas corpus in this Court.  Petitioner's motion for evidentiary hearing has been denied. (Order, doc. 21.)

## II. GROUNDS FOR RELIEF

Petitioner presents eight grounds for relief as follows: (1) denial of Sixth and Fourteenth Amendment rights to an impartial jury because the venire from which his jury was chosen was not reflective of a fair cross-section of the community, (2) denial of right to the effective assistance of counsel because his counsel failed to make a timely objection to the venire for failing to reflect a fair cross-section of the community, (3) denial of Fifth and Fourteenth Amendment rights to remain silent because the waiver of this right was not knowingly, intelligently, and voluntarily made due to his mental illness and institutional conditioning to confess, (4) denial of right to the effective assistance of counsel because his counsel failed to effectively challenge his confession, (5) denial of right to the effective assistance of counsel because his counsel failed to hold the State of Texas to its burden of proof on the mens rea element of the offense of capital murder, (6) Petitioner's death sentence violated the Eighth and Fourteenth Amendment right against cruel and unusual punishment because he was developmentally only 17 years of age at the time of the offense, (7) denial of Fourteenth Amendment right to a fair trial because the prosecutor adduced false and misleading evidence of "bad acts" of Petitioner through its evidence of the boot camp program, and (8) denial of right to the effective assistance of counsel because his counsel failed to discover mitigating evidence and refute the prosecution's aggravating evidence. For the reasons set out below, all claims should be denied.

## III. STANDARD OF REVIEW

Federal habeas review of these claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). If the state court denies the

claim on the merits, a federal court may not grant relief unless it first determines that the state court adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In the context of § 2254(d) analysis, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). This provision does not authorize habeas relief, but restricts this Court's power to grant relief to state prisoners by barring claims in federal court that were not first unreasonably denied by the state courts. The AEDPA limits rather than expands the availability of habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Richter*, 562 U.S. at ___, 131 S.Ct. 770, 784 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court rulings be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted) (quoting *Richter*, 131 S.Ct. at 786, and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).

Under the "contrary to" clause, a federal court is not prohibited from granting federal habeas relief if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme

3

Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may also reach the merits of a claim on federal habeas review if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. Evidence introduced in federal court has no bearing on § 2254(d) review. *See Pinholster*, 131 S.Ct. at 1400; 28 U.S.C. § 2254(d).

## IV. CLAIMS DETERMINED TO LACK MERIT

All but two of Doyle's claims have already been determined to lack merit in the disposition of his motion for evidentiary hearing. The District Court found that each of the claims of ineffective assistance of counsel failed to allege facts which, if true, would authorize relief. (Memorandum Order, doc. 21.) In so doing, the Court also found that other claims lacked merit.

This Court necessarily rejected Doyle's first ground for relief, a Sixth Amendment challenge to the composition of the venire, when it rejected his second ground for relief, a derivative ineffective-assistance-of-counsel claim based on the same alleged error. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979). Likewise, in denying a hearing on Doyle's fourth ground for relief, an ineffective-assistance claim based on counsel's failure to effectively challenge the admission of his confession, this Court necessarily rejected the third ground for relief, which is the underlying claim that the confession violates the Fifth Amendment. Therefore, the memorandum opinion and order denying motion for evidentiary hearing has already determined that federal habeas relief is not available for all but the sixth and seventh grounds for relief, which are addressed below.

## V.  MENTAL AGE

In Doyle's sixth claim for relief, he complains that his death sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment because he was developmentally younger than eighteen years of age at the time of the offense. (Am. Pet. at 101-122.)  Respondent contends that this claim is barred by the nonretroactivity doctrine of *Teague v. Lane*, 489 U.S. 288, 310 (1989), and lacks merit. (Ans. at 81-83.)

Petitioner relies upon an extension of the Supreme Court's holdings in *Roper v. Simmons*, 543 U.S. 551 (2005) and *Atkins v. Virginia*, 536 U.S. 304, 318 (2002).  The Supreme Court has not established a rule that would authorize relief from death sentences for individuals "developmentally" immature but not mentally retarded.  As pointed out by Respondent, the Supreme Court in *Roper v. Simmons* made a bright-line rule at 18 years of age.

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn.

543 U.S. at 574.  The Supreme Court in *Atkins v. Virginia* made a bright-line rule at mental retardation.  "To the extent there is serious disagreement about the execution of mentally retarded offenders, it is in determining which offenders are in fact retarded." 304 U.S. at 317.  Similar arguments for an extension of these Supreme Court precedents have been rejected. *See Parr v. Quarterman*, 472 F.3d 245, 261 (5th Cir. 2006) (denying COA to claim extending *Roper* beyond chronological age of 18 in alternative analysis); *In re Garner*, 612 F.3d 533, 535-536 (6th Cir. 2010) (denying stay of execution to explore claim that death-row inmate was developmentally a juvenile);

5

*United States v. Mitchell*, 502 F.3d 931, 981-982 (9th Cir.2007) (declining to extend *Roper* beyond chronological age of 18).

Petitioner does not claim to be mentally retarded despite having been extensively examined by his own mental health expert. *See* 38 RR at 203, 207; 2 SHCR 595-601.  The state court found that the mental health evidence did not warrant relief under *Atkins* or *Roper*, but was foreclosed by those opinions. (SHR at 1274-1277.)  Petitioner does not fall within the categories created by the Supreme Court for exclusion from the death penalty, and his argument for the creation of a new, hybrid category is barred by *Teague*. *See, e.g., Hughes v. Dretke*, 412 F.3d 582, 594 (5th Cir. 2005) (noting that *Teague* barred claim relying on extension of Supreme Court precedent).  Therefore, Doyle's sixth claim should be denied as barred by *Teague*.

## VI.  BAD ACTS

In Doyle's seventh claim for relief, he complains that he was denied his Fourteenth Amendment right to a fair trial because the prosecutor adduced false and misleading evidence of "bad acts" through evidence of his participation in a boot-camp program. (Pet. at 123-136.) Respondent asserts that none of the allegations contradict the testimony admitted at trial or address any specific conduct involving Petitioner, but pertain instead to studies and reports of incidents that occurred after he was released from the program. (Ans. at 84.)

### *a. Law*

The presentation of false evidence at trial violates a criminal defendant's due process rights, if the reliability of a given witness may be determinative of guilt or innocence. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Mooney v. Holohan*, 294 U.S. 103 (1935).  This rule prohibits the admission of false evidence that, even though not solicited, is not corrected. *See Napue*, 360 U.S.

at 269. A criminal defendant's due process rights are violated by the admission of false evidence regardless of whether the prosecutor's conduct was intentional or merely negligent. *See Giglio v. United States*, 405 U.S. 150, 153-154 (1972). To prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a petitioner must establish not only that the testimony was actually false, but also that it was material and that the prosecution knew it was false. *See Napue*, 360 U.S. at 269, 272; *Giglio*, 405 U.S. 154.

> Importantly, due process is not implicated by the prosecution's introduction or allowance of false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements.

*Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir. 2002) (citing *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir.1990); *United States v. Sutherland*, 656 F.2d 1181, 1203 (5th Cir.1981)). The materiality element requires a showing that the false testimony could, in any reasonable likelihood, have affected the judgment of the jury. *See Giglio*, 405 U.S. 154.

### *b. Analysis.*

The state habeas court found that Doyle failed "to present any evidence showing that the State offered false or perjurious testimony." (SHR at 1277.) The state court also found that Doyle offered "no evidence showing that the State knew or should have known Mr. Austin's testimony created a false impression" about him. (SHR at 1278.) The state court stated the proper standard, detailed the relevant evidence, and fairly summarized Doyle's arguments, which are essentially the same as presented to this Court. Doyle does not deny that he engaged in the misconduct identified by the state's witness or was discharged from the program for the official reasons stated by the state's witness, but contends that the state's evidence presented him in a "false light" because it

placed the blame on him for the hostile atmosphere that was created by the administrators of the program. (Pet. at 131-132.) However, as noted by the state court, the state's evidence explained that the administrators of the program intentionally created a stressful and confrontational boot-camp atmosphere to challenge those going through the program. (SHR at 1278.)

Doyle does not present evidence contradicting Mr. Austin's testimony regarding his own conduct, or any conduct that occurred during his stay at the program, but presents evidence of incidents occurring after he left the program, including evidence that the parent company had a bad reputation. This was noted by the state court, which found that such evidence did not rise to the level of a due process violation. (SHR at 1278-1280.) The state court's resolution of this claim is not shown to be incorrect, much less unreasonable or contrary to clearly established federal law. Therefore, Doyle's seventh claim should be denied.

## VIII. CONCLUSION

Doyle has not shown that any of the claims presented in this case warrant federal habeas corpus relief from his state conviction or death sentence. Doyle has not shown that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). Accordingly, federal habeas relief should be denied.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus filed in this case pursuant

to 28 U.S.C. § 2254 be **DENIED**.

DATED January 9, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).